## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **AMERICAN GENERAL** | ) | |
| **LIFE INSURANCE COMPANY,** | ) | |
| **2727-a Allen Parkway** | ) | |
| **Houston, TX 77019** | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No.** |
| **v.** | ) | |
| | ) | |
| **KATHRYN E. BEACH** | ) | |
| **95 Steeplechase Drive** | ) | **Judge** _____ |
| **Newington, CT 06111** | ) | |
| **-and-** | ) | |
| | ) | |
| **JULIE B. WITTE,** | ) | |
| **104 Rahlene Drive** | ) | |
| **Southington, CT 06489** | ) | |
| **-and-** | ) | |
| | ) | |
| **JEFFREY M. BEACH** | ) | |
| **631 Talcottville Rd., M-33** | ) | |
| **Vernon, CT 06066** | ) | |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT FOR INTERPLEADER

Plaintiff AMERICAN GENERAL LIFE INSURANCE COMPANY ("AGL"), by and through its counsel, Seiger Gfeller Laurie LLP, pursuant to Rule 22 of the Federal Rules of Civil Procedure, states as follows for its Complaint for Interpleader against Kathryn E. Beach, Julie B. Witte, and Jeffrey M. Beach (collectively referred hereinafter as the "Defendants"):

### PARTIES

1.    Plaintiff AGL is a Texas corporation and is authorized to transact business in the states of Connecticut and Florida.

2.    Upon information and belief, Defendant Kathryn E. Beach is a resident of Newington, Connecticut.

3.     Upon information and belief, Defendant Julie B. Witte ("Julie Witte") is a resident of Southington, Connecticut.

4.     Upon information and belief, Jeffrey M. Beach is a resident of Vernon, Connecticut.

## JURISDICTION AND VENUE

5.     This is a Complaint for Interpleader brought by AGL pursuant to Rule 22 of the Federal Rules of Civil Procedure.

6.     Specifically, this action involves competing claims by Defendants to various sums of a lump sum payment of $100,000.00 issued by AGL.

7.     Pursuant to 28 USC 1332(a), this Court has jurisdiction over this action based upon diversity.  Plaintiff is a citizen of the State of Texas.  Based upon information and belief, the defendants in this action are citizens of the State of Connecticut.

## COUNT I: CLAIM FOR RELIEF IN INTERPLEADER

8.     AGL incorporates by reference each of the preceding paragraphs of the Complaint as fully stated herein.

9.     Gerald L. Beach ("Mr. Beach") was the owner of AGL life insurance policy number J1393502L (the "AGL Policy"), which was issued in Florida while Mr. Beach resided there, and with a death benefit amount of $100,000.00.

10.     On or about January 10, 2011, Mr. Beach requested a change of beneficiary naming wife Kathryn to receive 60% of the policy proceeds, and naming his children, Julie Witte and Jeffrey Beach, to receive 20% each.

11. On or about January 13, 2011, AGL sent Mr. Beach a letter confirming the change of beneficiary.

2

12. On January 13, 2011, Mr. Beach apparently returned the confirmation letter to AGL and wrote, "[t]his is not my intent, please leave the beneficiary as currently designated 100% to my wife, Kathryn E. Beach."

13. On February 4, 2011, Mr. Beach sent AGL a change of beneficiary form designating Kathryn E. Beach as 100% beneficiary. The form was sent by a financial advisor firm, Kustin Ruffess.

14. AGL confirmed this change of beneficiary via letter on February 9, 2011.

15. On February 11, 2011, Attorney Andrew Kearns of Bascetta, Pagani, Kearns & Small, LLC, faxed AGL a change of beneficiary form on behalf of his client, Mr. Beach. The form names Mr. Beach's daughter, Julie Witte, and his son, Jeffrey Beach, as beneficiaries to receive 50% each.

16. On February 18, 2011, AGL sent a letter confirming that the AGL Policy beneficiary was changed to Mr. Beach's children.

17. On February 22, 2011, Julie Witte faxed AGL an absolute assignment of the AGL Policy, apparently signed by her father, Mr. Beach, which transferred ownership in the AGL Policy to Julie Witte and Jeffrey Beach.

18. In another letter dated February 25, 2011, AGL confirmed the AGL Policy's beneficiary was changed to Julie Witte and Jeffrey Beach. In a second letter, dated February 25, 2011, AGL confirmed the absolute assignment of the AGL Policy to Julie Witte and Jeffrey Beach

19. Mr. Beach died on March 27, 2011.

20. Subsequently, on April 5, 2011, Attorney Alfred R. Casella of Murtha Cullina, LLP, sent a letter to AGL on behalf of his client, Kathryn E. Beach, indicating that there were

concerns as to who is the proper beneficiary of the AGL policy proceeds, and requesting that the policy proceeds not be distributed until the matter is resolved.

21.     On April 8, 2011, Julie Witte and her brother Jeffrey Beach submitted proof of death and claimant's statements to AGL.

22.     Julie Witte filed a Department of Insurance complaint on May 5, 2011, alleging, among other things, that her father changed the AGL Policy's beneficiary and ownership on February 17, 2011 in response to Kathryn Beach's revelation that she has been having an adulterous affair for some time.  According to Julie Witte, Kathryn Beach moved out of the marital home on February 19, 2011, leaving her terminally ill husband alone, and under the care of hospice after he was hospitalized twice in early 2011.

20.     Accordingly, AGL faces competing claims for the $100,000.00 death benefit, namely: Kathryn E. Beach claims that she is entitled to receive $100,000.00; Julie Witte claims that she is entitled to receive $50,000, and Jeffrey Beach claims he is entitled to $50,000.

21.     Therefore, AGL is unable to discharge its admitted liability for the $100,000.00 payment under the AGL Policy, plus accrued interest, by reason of adverse and conflicting claims and, in the absence of interpleader relief as requested herein, is potentially subject to multiple liability on the same contract.

22.     AGL is a disinterested stakeholder and claims no beneficial interest in and makes no claim whatsoever to the $100,000.00 death benefit under the AGL Policy.

23.     Accordingly, AGL intends to file with the Court a motion for leave to deposit the AGL Policy's death benefit with the Clerk of the Court pending further order of this Court.

24.     AGL is a mere stakeholder and is indifferent as to which of the Defendants this Court ultimately holds to be entitled to the AGL Policy's death benefit.  Justice and equity

dictate that AGL should not be subject to disputes between the Defendants.   Thus, AGL respectfully asks this Court to order the Defendants to litigate all matters relevant to the AGL Policy's death benefit under the AGL Policy among themselves and to dismiss and discharge AGL with prejudice.

**WHEREFORE,** American General Life Insurance Company respectfully prays that this Court enter an order:

A.     Declaring that AGL, after deposit of the admitted liability in the amount of $100,000.00, plus accrued interest, under the AGL Policy, No. J1393502L, is released and discharged from any and all liability for the payment related to AGL Policy No. J1393502L, and stating that the Defendants shall litigate their claims to the admitted liability without further involving AGL;

B.     Excusing AGL from further attendance upon this cause with respect to AGL Policy J1393502L, and dismissing AGL with prejudice;

C.     Granting AGL its costs and attorneys fees; and

D.     Granting AGL such other and further relief as this Court deems just and appropriate.

Respectfully submitted,

Katherine A. Scanlon
Federal Bar No. ct18129
SEIGER GFELLER LAURIE<sup>LLP</sup>
65 Memorial Road / Suite 340
West Hartford, CT 06107
Telephone:  860-760-8455
Facsimile:  860-760-8401
kscanlon@sgllawgroup.com
*Attorneys for the Plaintiff*

4839-9632-3849, v. 1